**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Rito GARCIA, Defendant—Appellant.**

**No. 02–50071.**

**D.C. No. CR–01–00003–RT–2.**

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, the Curtises' request for oral argument is denied.

* The panel unanimously finds this case suitable

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Rito Garcia appeals his guilty plea conviction for conspiracy to possess and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir.2002) (existence of subject matter jurisdiction reviewed de novo notwithstanding defendant's failure to object before the district court). We affirm.

Garcia contends his conviction is invalid because the district court lacked subject matter jurisdiction by virtue of the government's failure to observe statutory requirements for removing an action from state to federal court. Garcia is mistaken.

After state charges were dismissed, Garcia was indicted by federal authorities for violating federal laws distinct from those at issue in the dismissed state court proceedings. There was no removal and the district court properly exercised original jurisdiction over the criminal indictment against Garcia pursuant to 18 U.S.C. § 3231. *See United States v. Lanza*, 260 U.S. 377, 382, 43 S.Ct. 141, 67 L.Ed. 314 (1922).

**AFFIRMED.**

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.